IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01117-BNB

RANDOLPH V. BROWN, SR.,

    Plaintiff,

v.

FLEX TRONIC'S USA INC.,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 4 2011

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Randolph V. Brown, Sr., has filed a *pro se* Title VII Complaint. The Court must construe the Title VII Complaint liberally because Mr. Brown is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Brown will be ordered to file an amended complaint.

The Court has reviewed the Title VII Complaint and has determined that it is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Brown fails to provide a short and plain statement of his claims showing that he is entitled to relief. Mr. Brown has checked a variety of blanks on the preprinted Title VII Complaint form indicating that Defendant discriminated against him based on race and color by demotion/discharge from employment. However, Mr. Brown fails to assert any facts in support of these vague and conclusory allegations that indicate he is entitled to relief. Instead, Mr. Brown attaches to his Title VII Complaint various documents from the administrative proceeding.

Mr. Brown's must present his claims in a manageable format that allows the Court and the defendant to know what claims are being asserted and to be able to respond to those claims. Mr. Brown must allege, simply and concisely, his specific claims for relief. He may attach documents to the amended Title VII complaint, but he may not rely solely on those documents to present his claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Court, therefore, will direct Mr. Brown to file an amended complaint on a Title VII Court-approved form that sets forth his claims in a simple and concise manner. Mr. Brown is instructed to complete the form in full. Accordingly, it is

ORDERED that Mr. Brown file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Brown, together with a copy of this order, two copies of the following form: Title VII Complaint. It is

FURTHER ORDERED that, if Mr. Brown fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED May 24, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01117-BNB

Randolph V Brown Sr
1319 Columbine Crt
Arlington, TX 76013

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Title VII Complaint form** to the above-named individuals on May 24, 2011.

                              GREGORY C. LANGHAM, CLERK

                  By:_____
                                Deputy Clerk