IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01117-LTB-KLM

RANDOLPH S. BROWN, SR.,

     Plaintiff,

v.

FLEXTRONICS USA, INC.,

     Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion** requesting various forms of relief [Docket No. 13; Filed July 6, 2011] (the "Motion").  As a preliminary matter, the Motion does not comply with D.C.COLO.LCivR 10.E., which requires that all party pleadings be double spaced.  Further, Plaintiff sent the Motion directly to Chambers as opposed to the Clerk's Office.  All pleadings, including motions, must be filed with the Clerk's Office, unless Plaintiff is specifically directed otherwise.  Finally, to the extent that Plaintiff moves to change his address, pursuant to D.C.COLO. LCvR 10.1M., changes of address shall be accomplished through a pleading titled as a "Notice," not a motion.  Despite Plaintiff's *pro se* status, he is obligated to comply with the rules of this Court.  Future pleadings which do not comply with the applicable rules may be stricken, summarily denied or ignored.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part** as set forth below.

To the extent that Plaintiff requests service of the case on Defendant, the Motion is **granted**.  Because Plaintiff is proceeding *in forma pauperis*, he is entitled to have the United States Marshal serve Defendant.  *See* Fed. R. Civ. P. 4(c)(3).  Concurrent with the filing of this Order, the Court will direct the Marshal to serve Defendant.

To the extent that Plaintiff requests to appear telephonically at the Scheduling Conference, the Motion is **denied without prejudice**.  Due to the lack of service on Defendant,

IT IS FURTHER **ORDERED** that the Scheduling Conference set for September 20, 2011 at 10:00 a.m. is **vacated** and will be reset, if appropriate, after Defendants have entered their appearance in this matter.  Plaintiff may refile his motion to appear telephonically at the Scheduling Conference after it has been reset.

To the extent that Plaintiff requests that the Court appoint counsel to represent him, the Motion is **denied**.

The Court does not have the power to appoint an attorney without the attorney's consent, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case.  Nevertheless, the Court can seek volunteer counsel to represent a plaintiff such as this Plaintiff if the Court determines in its discretion that it is appropriate to do so.  The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.  However, the Court clarifies that mere placement on this list would not automatically mean that Plaintiff would receive counsel.  Rather, placement on the list results in representation being secured for Plaintiff only if

counsel <u>volunteers</u> to represent him.  Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained.  In such circumstances, despite placement of a case on the list, a *pro se* litigant remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants:  (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).   A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications.  *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief under various constitutional provisions.  His filings to date indicate that he has a firm grasp of the facts and issues in this case, that he is capable of presenting the case, and has presented his claims adequately.  The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze.   Additionally, the record bears no indication that Plaintiff has made efforts to obtain counsel for himself.

The  fact that the Plaintiff is located out of state or cannot afford counsel does not warrant the need for volunteer counsel.  These are normal, not  special, circumstances in this type of case before this Court.  Although mindful of the difficulties faced by *pro se* parties, courts and legislating bodies have made a distinction between civil and criminal

cases regarding the necessity of counsel.  *See, e.g.*,  *Mallard*, 490 U.S. at  301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant).  Although there are extraordinary circumstances where fundamental due process concerns may demand that a plaintiff be provided with counsel, this Plaintiff's particular circumstances do not.  Here, I note that Plaintiff chose to bring this civil action voluntarily in this District knowing the limitations he would face due to his location and financial status.  To the extent that Plaintiff feels that he cannot bear these responsibilities, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a).  However, while the case is pending, it remains Plaintiff's legal obligation to comply with my Orders and the Federal and Local Civil Rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

IT IS FURTHER **ORDERED** that the docket shall reflect Plaintiff's new address: 1606 Patio Terrace, Apt. A., Arlington, Texas 76010.

Dated:  July 7, 2011

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge